## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH A. EVANS, | ) | |
| Petitioner, | ) | Civil Action No. 11-288 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN, FCI McKEAN, | ) | |
| Respondent. | ) | |

### OPINION AND ORDER[1]

Pending before the Court is a petition for a writ of habeas corpus filed by federal prisoner Joseph

A. Evans pursuant to 28 U.S.C. § 2241.  For the reasons set forth below, the Court will deny the petition.


### I.

Petitioner is challenging the Bureau of Prisons' (the "Bureau's" or the "BOP's") computation of

his federal sentence.  He claims that he is entitled to additional sentencing credit from September 29,

2008, which is the date the United States Marshals Service ("USMS") obtained temporary custody of

him from state/local authorities pursuant to a federal writ of habeas corpus *ad prosequendum*, until

March 30, 2009, which is the date his federal sentence commenced.


### A.        Relevant Background

On November 22, 2004, a Michigan state court sentenced Petitioner to 96 months of

imprisonment for Delivery of a Controlled Substance, and a 23-60 months term of imprisonment for

Weapons Possession by a Felon.  He was eventually paroled, but on October 26, 2007, he was arrested

by Michigan state officials for violating conditions of that parole.  He subsequently pleaded guilty to

---

[1]        In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a
U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

violating his parole and, on or around November 5, 2007, he was returned to prison in the custody of the Michigan Department of Corrections.  [ECF No. 13-2 at 3].

In 2008, the U.S. District Court for the Western District of Michigan issued a writ of habeas corpus *ad prosequendum* so that Petitioner could appear in federal court to answer federal charges.  On September 28, 2008, the USMS took temporary custody of him pursuant to that writ.  [ECF No. 13-2 at 4].

Because state/local authorities had arrested Petitioner first, he was in the "primary custody" of the State of Michigan.  The "primary custody" doctrine developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws.  See Ponzi v. Fessenden, 258 U.S. 254 (1922).  See, e.g., Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); George v. Longley, 463 F.App'x 136, 138 n.4 (3d Cir. 2012).  In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him.  That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him.  The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition.  See, e.g., Bowman, 672 F.2d at 1153-54.  Primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its priority by, *e.g.*, granting bail, dismissal of charges, or parole release.  George, 463 F.App'x at 138 n.4.  Custody also can expire at the end of a sentence.  Id.

A prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person.  See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002).  The receiving sovereign – in this case the federal government – is, therefore, considered simply to be

2

"borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. Id.

On March 30, 2009, the federal district court sentenced Petitioner to a 60 month term of imprisonment, to be followed by two years of supervised release, for Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). The court ordered that the 60 month sentence was "to be served concurrently with any state sentence defendant receives on the pending state parole violation." [ECF No. 13-4 at 3].

A few days after his federal sentencing, the USMS returned Petitioner to the state authorities in satisfaction of the federal writ. [ECF No. 13-2 at 4]. On August 3, 2010, Petitioner was paroled from the Michigan Department of Corrections, and the state released him to a federal detainer on that date. [ECF No. 13-2 at 4-5].

The BOP has calculated Petitioner's federal sentence to have commenced pursuant to 18 U.S.C. § 3585(a) on the date it was imposed (March 30, 2009). It has also determined that, pursuant to 18 U.S.C. § 3585(b), he is not entitled to any sentencing credit for the time he spent in official detention prior to the date his federal sentence commenced because he received credit for that time against his state sentence. Assuming that he receives all good conduct time available to him, his projected release date is September 11, 2013. [ECF No. 13-2 at 5].

Petitioner challenged the BOP's calculation of his federal sentence through its administrative review procedure. He claimed, as he does in this proceeding, that he is entitled to credit for the approximately 183 days he spent in federal custody from September 29, 2008 (the date the USMS took custody of him pursuant to the federal writ of habeas corpus *ad prosequendum*) through March 29, 2009 (the day before his federal sentence was imposed and commenced). He did not receive the relief he sought. [ECF No. 6-1 at 4]. Thereafter, he commenced this proceeding by filing a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 6]. Respondent has filed an Answer [ECF No. 13] in which he counters that the BOP has calculated Petitioner's sentence in accordance with the applicable laws and policies.

**B.**   **Discussion**

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). The following statutes are relevant to the evaluation of the petition: 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences; and, 18 U.S.C. § 3585(b), which governs the amount of sentencing credit that an inmate may receive for time served in official detention prior to the commencement of his federal sentence. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence ("PS 5160.05").[2]

**1.**   **Calculation of the date upon which a federal sentence commences under 18 U.S.C. § 3585(a)**

Section 3585(a) governs the date a federal sentence commences, and it provides:

(a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives

---

[2]     BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." Reno v. Koray, 515 U.S. 50, 61 (1995). The BOP policies at issue in this case are contained in a Program Statement and are not also published in any federal regulation, and thus are not subject to public notice and comment before adoption. Therefore, they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984). They are, however, entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d 203, 208 (3d Cir. 2011), cert. denied, 132 S.Ct. 1068 (2012).

voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Because the statute provides that a sentence commences when an inmate is produced or received for service of his *federal sentence*, the BOP will not commence a sentence earlier than the date on which it is imposed.  PS 5880.28, Chapt. 1, Page 13.  [See also ECF No. 13-2 at 8].  Thus, a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.  PS 5880.28, Chapt. 1, Page 13.  See also United States v. LaBeille-Soto, 163 F.3d 93, 98 (2nd Cir. 1998) ("We see nothing in [§ 3585(a)] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date.  Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served, and we have held that after a defendant is sentenced, it falls to the BOP, not the district judge, to determine when a sentence is deemed to commence[.]") (internal quotations and brackets omitted); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983) ("[A] federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner.  Rather, the second sentence runs together with the remainder of the one then being served."); DeMartino v. Thompson, No. 96-6322, 1997 WL 362260, *2 (10th Cir. July 1, 1997) ("Logically, a [federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir.1980)).[3]

---

[3]     By way of further explanation, oftentimes, as in the instant case, an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is or will soon be subject to a state sentence.  In such cases, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences.  As set forth above, at common law the "primary custody" doctrine developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign.  The BOP has incorporated the common law primary custody doctrine into its policies.  Thus, if the federal government has primary custody of an inmate on the date his federal sentence is imposed, the federal government is entitled to have that inmate serve his federal sentence upon imposition.  In such a case, the BOP will designate the inmate to a federal detention

In this case, the District Court for the Western District of Michigan directed that Petitioner's federal sentence run concurrent with his state sentence.  The record before this Court establishes that on the date it imposed its sentence (March 30, 2009): (1) Petitioner was in primary state custody and "on loan" to federal authorities pursuant to a writ of habeas corpus *ad prosequendum*; and, (2) while on loan to federal authorities he was serving his state undischarged term of imprisonment.  [ECF No. 13-2 at 4-6].

For inmates in Petitioner's circumstance (who are in primary custody of the state at the time the federal sentencing court imposed a concurrent federal sentence) the USMS will, after federal sentencing, return the inmate to the state in satisfaction of the writ of habeas corpus *ad prosequendum*.  When the state subsequently releases the inmate to federal custody, the BOP will calculate the inmate's sentence to have commenced on the date the federal district court imposed it.  For the time the inmate spent in state custody after the date of imposition of his federal sentence, the BOP will designate the state facility as the place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b).  This "nunc pro tunc" designation also allows the federal sentence to commence upon imposition.  See footnote 3, *supra*; PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12.

The BOP followed its procedures in Petitioner's case.  It designated the state facility where Petitioner was serving his state sentence as the official detention facility at which he commenced service of his federal sentence.  [ECF No. 13-7 at 3].  Further, the BOP computed Petitioner's federal sentence

---

facility for service of the federal sentence and will calculate his federal sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13.

    If, as was the case here, the inmate is in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence concurrently with any state sentence, the BOP will return custody of the inmate to the state, commence the federal sentence, and designate the state facility as the place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b). PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12. If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is consecutive to any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. 1, Pages 12-13, 31-33; see also PS 5160.05, Pages 2-12.

to have commenced on March 30, 2009 – the date the federal sentencing court imposed it.  [Id.]  As a result, the BOP commenced Petitioner's sentence on the earliest date that his sentence could commence.

> **2.     Calculation of whether Petitioner is entitled to credit for any time he spent in official detention prior to the date his federal sentence commenced**

Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1)     as a result of the offense for which the sentence was imposed; or
>
> (2)     as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **That has not been credited against another sentence.**

(Emphasis added).

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. United States v. Wilson, 503 U.S. 329, 337 (1992) (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence.  See, e.g., Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2001), *abrogated in part on other grounds by statute*; United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007).

For purposes of Petitioner's federal sentence computation, the conduct connected with his federal offense was deemed to have commenced on October 26, 2007 (the date of his arrest).  [ECF No. 13-7 at 2].  Under § 3585(b)(2), only time that he served in official detention from that date through March 29, 2009 (the day before his federal sentence commenced), may be considered for treatment as federal presentence credit § 3585(b).  The BOP has determined that he is not entitled to any credit under § 3585(b) because all of the time that he served in official detention during the relevant time period was

credited against his state sentence.  [ECF No. 13-2 at 7].  Accordingly, the BOP is statutorily precluded

from granting Petitioner any prior custody credit under § 3585(b) for any time he spent in official

detention prior to the commencement of his federal sentence on March 30, 2009.  Rios, 201 F.3d at 271-

76; Vega, 493 F.3d at 314 (the BOP did not err when it disallowed credit under § 3585(b) because the

time at issue had been credited against the petitioner's state sentence).


## II.

Based upon all of the forgoing, there is no basis for this Court to disturb the BOP's calculation of

Petitioner's federal sentence.  Accordingly, his petition must be denied.[4]  An appropriate order follows.

---

[4]      28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a
district court's disposition of a habeas petition.  Federal prisoner appeals from the denial of a habeas corpus proceeding are not
governed by the certificate of appealability requirement.  United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000);
28 U.S.C. § 2253(c)(1)(B).  As such, this Court makes no certificate of appealability determination in this matter.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH A. EVANS, | ) | |
| Petitioner, | ) | Civil Action No. 11-288 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN, FCI McKEAN, | ) | |
| Respondent. | ) | |

**ORDER**

AND NOW, this 9th day of January, 2013;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED.  The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc:     Notice by ECF to counsel of record and by U.S. mail to Petitioner at his address of record